WILLIAM RAFFERTY, PETITIONER FOR HABEAS CORPUS

*vs.*

JAMES E. HASSETT
KEEPER OF THE JAIL FOR CUMBERLAND COUNTY.

Cumberland.      Opinion May 9, 1931.

*Bernstein & Bernstein,* for petitioner.
*Walter M. Tapley,* County Attorney.
*Albert Knudsen,* Assistant County Attorney, for the State.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, THAXTER, JJ.

PATTANGALL, C. J.   On exceptions. Petitioner charged with a violation of the prohibitory law was arraigned before the Munici-

242

pal Court of Portland, plead not guilty, was tried and adjudged guilty. The case was continued for sentence indefinitely. The following additional entry appears on the docket, "Probation one year, on condition that he return to his home in Pittston, Pennsylvania."

Two months later, petitioner was surrendered into court by probation officer for alleged breach of probation. He was then sentenced to pay a fine of $200 and costs, also to serve two months,in jail and in default of payment of fine six months additional imprisonment.

From this sentence, petitioner claimed the right to appeal, which was denied him. He was forthwith committed to the county jail, where he is now confined.

Immediately thereafter, he filed his petition for writ of habeas corpus on the following grounds:

"That the said restraint and imprisonment of your petitioner is illegal and that illegality thereof consists of the following, to wit:

(a) That the said Court lost jurisdiction of said cause and of your petitioner when on the aforesaid third day of January, 1931, it continued said cause for sentence indefinitely.

(b) That said Court lost jurisdiction of said cause and of your petitioner on said third day of January, 1931, when it placed your petitioner on probation on condition that he return to his home in Pennsylvania, thereby placing your petitioner beyond the jurisdiction of the probation officer.

(c) That the terms of said probation were void because they exceeded the powers of the said Court as granted to it under Section 5 of Chapter 346 of the Public Laws of Maine of 1905.

(d) That the aforesaid terms of probation being void, your petitioner was unlawfully arrested for breach of said probation.

(e) That the said Court, having lost jurisdiction of your petitioner in said cause, was without legal authority and power to impose the aforesaid sentence.

(f) That sentence having been imposed for the first time

on said ninth day of March, 1931, your petitioner was denied the right of appeal granted to him by Section 18 of Chapter 144 of the Revised Statutes of Maine.

That your petitioner was on the aforesaid date of March 9th, 1931, able to furnish good sureties with sufficient property in a reasonable amount, ready and willing to give bail, and that your petitioner is now ready and willing to furnish such sureties."

Hearing was had, petition denied, and writ dismissed. Exceptions were taken.

For the purpose of deciding this case, it is necessary to consider but one of the many novel and interesting points raised by the petition.

Sec. 18, Chap. 144, R. S. 1930, provides that "Any person aggrieved by the decision or sentence of a magistrate may within twenty-four hours after such sentence is imposed, Sunday not included, appeal therefrom to the next Superior Court in the same county."

This right was, without warrant of law, denied the petitioner who sought at the earliest opportunity to avail himself of it. The commitment which followed such denial was illegal.

*Exceptions sustained.*
*Prisoner discharged.*